IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **OLSEN BRAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 3:16-cv-00161-NJR |
| | ) | |
| **WEXFORD HEALTH** | ) | |
| **CARE SERVICES,** | ) | |
| **DR. AFUWAPE,** | ) | |
| **DR. CALDWELL, and** | ) | |
| **M. KLEIN,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Olsen Brand is currently incarcerated at Vandalia Correctional Center ("Vandalia"). (Doc. 1.) Proceeding *pro se*, Brand has filed a complaint pursuant to 42 U.S.C. § 1983 against Wexford Health Care Services ("Wexford") and several health care professionals who work at Vandalia. (*Id.* at 1-2.) He seeks monetary and injunctive relief. (*Id.* at 7.)

Under 28 U.S.C. § 1915A, the Court is required to promptly screen prisoner complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A and dismiss the complaint for failure to state a claim.

The complaint, as it currently stands, lacks sufficient factual details to state a claim for relief, even under the liberal notice pleading standard established by Rule 8 of the Federal Rules of Civil Procedure. To state a claim for relief, a complaint must contain "enough details about the subject-matter of the case to present a story that holds together," *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010), along with allegations "plausibly suggesting (not merely consistent with) an entitlement to relief," *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (internal quotation marks and citation omitted). The present complaint is lacking in details such that it is impossible for the Court to understand specifically what has occurred and who is responsible for what.

The statement of claim is on a single loose-leaf page. It consists entirely of conclusory language, stating that Dr. Afuwape, Dr. Caldwell, and Ms. Klein administered inadequate medical care and imperiled Brand's health due to their hatred of him. (Doc. 1 at 6.) Brand states that they did so even though they were aware of his many health problems. Brand does not, however, describe the medical care each defendant actually administered or indeed any specific factual details. Inadequate medical care may constitute a violation of the Eighth Amendment's prohibition of cruel and unusual punishment. *See* U.S. CONST. amend. VIII. But to state such a claim, plaintiffs must allege specific facts that indicate officials acted with deliberate indifference to an objectively serious medical condition. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). The complaint describes no specific instances of unconstitutional behavior (or of any behavior for that matter).[1]

---

[1] Brand states that his claim is based on multiple grievances stemming from "various times/dates which are on-going." (Doc. 1 at 6.) Indeed, Brand has attached fourteen pages of grievances to his complaint. He should be aware, however, that the factual predicates for a claim must be put forth in the statement of claim so that a defendant can admit or deny them.

Also, while Brand names Wexford as a defendant, he makes no mention of the company in his statement of claim. Brand should be aware that Wexford is a corporate entity and is treated as a municipality for purposes of § 1983 liability. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). "[T]o maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). Brand makes no reference to any custom or policy of Wexford that caused a constitutional deprivation.

So, Brand's complaint is low on facts, and is therefore subject to dismissal. Rather than dismiss the entire action, however, the Court will allow Brand an opportunity to correct the deficiencies through an amended complaint. In drafting his amended complaint, should he choose to do so, Brand should avoid using conclusory language and vague allegations of fact. Rather, he should follow the instructions on the Court's complaint form, which directs a plaintiff to state "when, where, how, and by whom" his rights were violated. While Brand may attach exhibits to his complaint, he may not refer to exhibits alone to satisfy his obligations; instead, he must include sufficient factual detail in his actual complaint so that defendants can respond.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, in order to proceed with this action, Plaintiff **SHALL** submit his First Amended Complaint within 35 days of the entry of this order (on or before **April 7, 2016**). The amended complaint shall identify the individual Defendant or Defendants responsible for the alleged unconstitutional actions and how those individuals were personally and directly involved in the alleged unconstitutional actions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading in this case or elsewhere. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  March 3, 2016**

                                                                         _____
                                                                         **NANCY J. ROSENSTENGEL**
                                                                         **United States District Judge**