**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **OLSEN BRAND, #A-93715,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Case No. 16-cv-00161-NJR** |
| | ) |
| **WEXFORD HEALTH CARE SERVICES,** | ) |
| **AFUWAPE, CALDWELL,** | ) |
| **KLEIN, CLAUDE OWIKOD,** | ) |
| **MARY JOHNSON/KLIEN,** | ) |
| **E. AFUWAPE, SETH TOWNSEND,** | ) |
| **JACY FAULK, JENNY BEHRENDS,** | ) |
| **CRAIG FOSTER, JOHN BLALDWIN,** | ) |
| **BRUCE BAUNER, and** | ) |
| **TEARAH HARTER,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff Olsen Brand, an inmate who is currently incarcerated at Vandalia Correctional Center ("Vandalia"), brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 1). Specifically, Brand claims that his Eighth Amendment rights have been violated by Defendants' deliberate indifference to his serious medical needs. He also claims that his Fourteenth Amendment rights have been violated by Defendants' failure to adequately address his grievances. Finally, he alleges that Defendants' offensive actions were part of a policy or scheme to save money on health care. In connection with these claims, Brand sues Wexford Health Care Services, Claude P. Owikod (doctor), Mary Johnson/Klien (health care administrator), E. Afuwape (doctor), Seth Townsend (nurse), Jacy Faulk (nurse), Jenny Behrends (nurse), Craig Foster (warden), John R. Baldwin (director of the Illinois Department of

Corrections--"IDOC"), Bruce Rauner (governor),[1] and Tearah Harter (counselor/grievance officer). Brand seeks monetary compensation.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). It should be noted the Court is reviewing the First Amended Complaint. The initial complaint (Doc. 1) was dismissed for failure to state sufficient factual or legal grounds upon which relief could be granted (Doc. 6).

## The First Amended Complaint

Brand brings a number of claims all related to the medical care he has received for his asthma, chronic obstructive pulmonary disease ("COPD"), and neuropathy of his hands and feet (*See* Doc. 12 at 19-24). His complaints begin on October 1, 2015, when he was processed into the IDOC system at Stateville Correctional Center (*Id.* at 17). According to Brand, during intake Defendant Owikod noted his asthma and COPD in his medical file (*Id.*). On October 14, 2015, Brand arrived at Vandalia where he also told Nurse Michel about his asthma and COPD (*Id.*). On October 28, 2015, Brand saw Defendants Afuwape and Townsend, who checked his vitals at the asthma clinic (*Id.*). Brand alleges that despite these initial medical consultations, he did not receive any treatment for his conditions (*Id.*). In fact, he alleges that Defendants Afuwape and Townsend checked boxes indicating they gave him medications and reviewed proper inhaler technique, but that they did not actually do so (*Id.* at 17-18).

---

[1] Brand identifies these individuals as "Blaldwin" and "Bauner," but it is fair to assume that since he is naming the IDOC director and governor, he means Baldwin and Rauner.

Following his visit with Defendants Afuwape and Townsend, Brand began to experience chest pain (*Id.* at 18). On November 5, 2015, Brand visited the health care unit for back pain, chest pain, and hand and foot pain (*Id.*). Defendant Behrends required him to go through the sick call line twice and to pay the fee twice to address his conditions (*Id.*). Brand returned to the health care unit on November 10th and 13th for the same conditions (*Id.*). On November 18, 2015, he sent a request to Defendant Johnson/Klien to find out why his medical conditions were not being addressed by Defendant Afuwape (*Id.* at 18-19).

In response to his request, Defendant Johnson/Klien called Brand to her office on December 8, 2015, to inquire about his medical needs (*Id.* at 19). As Brand explained the situation, she cut him off and sent him to segregation for complaining about the care he was receiving (*Id.*).

On December 11, 2015, Dr. Caldwell visited Brand's dorm to check on diabetic inmates (*Id.*). Brand confided in Dr. Caldwell about his neuropathy and asthma, and Caldwell said he would put Brand down for the asthma clinic (*Id.*). On December 23, 2015, Brand sent Defendant Johnson/Klien another request asking what he needed to do to get treatment for his asthma and COPD (*Id.*). That same day, Brand requested an appointment with Defendant Owikod (*Id.*).

On December 25, 2015, Brand experienced chest pain, difficulty breathing, and unstoppable coughing (*Id.*). He was taken to the medical unit where he received a breathing treatment (*Id.*). After the treatment his pain and coughing continued (*Id.*). On December 27, 2015, he requested to be taken to the medical unit again because his breathing was labored (*Id.*). His request was honored, but at the medical unit, Defendant Faulk refused a breathing treatment, instead measuring Brand's vitals and telling him he had a cold (*Id.* at 20-21). At a visit on December 28, 2015, Defendant Afuwape asked Brand if he smoked and then prescribed a COPD

pump (*Id.* at 21). Brand returned to medical on December 29, 2015, because he continued to experience a cough, chest pain, a sore throat, and congestion (*Id.*).

Brand alleges that Defendant Wexford has a contract with IDOC for the provision of medical services, which includes a term for per-prisoner funding (*Id.* at 22). As a result of the funding structure, Brand alleges that Wexford purposefully provides substandard care and withholds follow-up care to save money (*Id.*). Inmates are often unwilling to pay the five-dollar fee to be seen for illnesses, especially more than once, so the funding policy creates a domino effect of perpetual illness amongst inmates (*Id.* at 22-23).

Brand also complains that his counselor, Defendant Harter, has not properly addressed his grievances or provided him with copies of the grievances, in violation of internal policy (*Id.* at 23).

Brand claims that he still has a cough and chest pain (*Id.* at 24). He believes that the inadequate medical care has done irreparable damage to his lungs and health (*Id.*). Brand has now filed this action seeking relief under 42 U.S.C. § 1983.

## Discussion

Based on the allegations, the Court finds it convenient to divide the *pro se* complaint into the following enumerated claims. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1:** Eighth Amendment claim for deliberate indifference to Brand's asthma and COPD;

**Count 2:** Eighth Amendment claim for deliberate indifference to Brand's neuropathy of his hands and feet;

**Count 3:** First Amendment retaliation claim for placing Brand in segregation as a result of his medical grievances; and

**Count 4:**     Fourteenth Amendment claim for failing to respond to grievances regarding Brand's medical condition.

As explained below, Count 1 shall receive further review against those Defendants who are identified below in connection with that claim. Count 3 shall receive further review against Defendant Johnson/Klien. Count 2 shall be dismissed without prejudice. Count 4 shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## Count 1

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health, or safety, may constitute cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates deliberate indifference to the serious medical needs of an inmate. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). To establish deliberate indifference to a medical condition, a prisoner must show a condition that is sufficiently serious (objective component) and that an official acted with a sufficiently culpable state of mind in failing to address the condition (subjective component). *Id.* Whether an injury is serious enough is a very fact specific inquiry—seriousness may be shown if an ordinary doctor opined an injury warranted treatment, if an injury significantly impacted an individual's daily activities, or if an injury caused chronic or substantial pain, among other things. *Id.*

As to the subjective component, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the

inference." *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002). If an official reasonably responds to a risk, even if harm was not averted, deliberate indifference does not exist. *Id.* A claim for medical negligence does not amount to deliberate indifference. *Gutierrez*, 111 F.3d at 1369. Also, a reasonable response differs depending on the capacity of the alleged wrongdoer. A non-medical prison employee—one who for example handles grievances, or supervises prison operations—will generally not be liable for deliberate indifference if he or she believes the prisoner is receiving adequate medical care or takes steps to verify that the inmate is receiving care. *See Greeno v. Daley*, 414 F.3d 645, 655-57 (7th Cir. 2005).

Objectively, Brand has identified an injury serious enough to pass threshold review. Although some of his symptoms were associated with a cold and not every cold or asthma attach is a serious injury, here he alleges that he has chronic asthma and COPD. *See Gutierrez*, 111 F.3d at 1369 (noting that a common cold or minor asthma attack may not be serious, but that a topical skin cyst could be serious). Chronic conditions or pain typically are severe enough to constitute a serious condition for deliberate indifference purposes. *See id.* Accordingly, the Court will treat his asthma and COPD as serious conditions at the screening stage.

Turning to the subjective component, each defendant must be examined independently because individuals with different responsibilities or roles in the prison setting possess different duties with regard to inmate medical needs. *See Greeno,* 414 F.3d at 655-57. Here, Brand is claiming deliberate indifference to his medical needs against both medical and non-medical officials. The subjective culpability of these defendants must be assessed independently.

First, as to the main medical provider, Wexford, Brand alleges that Wexford's staff was deliberately indifferent to his medical needs because they did not treat his asthma or COPD. He alleges that Wexford has an incentive to keep costs low because it receives funding on a per-

inmate basis. He does not allege that the treatments he sought were expensive, however, or that they required treatment outside of the facility. Wexford is a corporation, and corporations are treated as municipalities for § 1983 purposes. *See Jackson,* 300 F.3d at 766, n.6. "[T]o maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability a 'policy or custom' attributable to municipal policymakers and the requisite causation the policy or custom was the 'moving force' behind the constitutional deprivation." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002) (internal punctuation omitted). Under current precedent, a plaintiff must "offer evidence that his injury was caused by a Wexford policy, custom, or practice of deliberate indifference to medical needs, or a series of bad acts that together raise the inference of such a policy." *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 796 (7th Cir. 2014) (finding that the plaintiff's disjointed allegations about improper care from various Wexford doctors did constitute a series of bad acts, and noting that the plaintiff did not allege a policy or custom of deficient care).

Brand does not explicitly state that Wexford has a particular policy. Instead he describes a number of scenarios where he had to overcome hurdles to secure care he felt he needed—such as being required to pay multiple fees or to go through the sick line twice. He also tries to allege that there is a policy of no follow-up care, but by contrast he states that follow-up care can be had so long as an inmate pays the five dollar fee for each visit. Though Brand seems to insinuate that there is some cost-cutting policy, he does not iterate the exact policy. His allegations seem more like a claim of custom, based on a series of identified incidents of deficient care. In *Shields*, the Seventh Circuit found that similar allegations—that an inmate had to seek out care on multiple occasions and did not immediately receive care he thought was fit—were not enough to hold Wexford liable for deliberate indifference. *Shields,* 746 F.3d at 796. Here, Brand faces the

same deficiency as the plaintiff in *Shields*—he has identified a disjointed set of complaints but has not pointed to a specific policy or provided enough factual support to state a claim against Wexford. Ultimately, he alleges that he was always allowed to see Wexford personnel and that they eventually provided him with a COPD pump—it just did not happen as quickly as he wanted it to happen. These allegations do not rise to the level of demonstrating a policy, custom, or series of events that constitute deliberate indifference. Thus, Wexford will be dismissed without prejudice from Count 1.

As to Defendant Owikod, any claim of deliberate indifference will be dismissed because Brand alleges that he saw this defendant at Stateville Correctional Center. Stateville is located in the Northern District of Illinois, so claims related to Stateville would be proper in that district but not here. Further, Brand did not identify any concrete harm that he sustained as a result of Owikod's initial medical screening of him, so he has not stated a claim for deliberate indifference against this defendant. *See Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation").

Next, as to Defendant Johnson/Klien, she is allegedly in charge of overseeing the medical care at Vandalia. There is no supervisory liability under § 1983, so any liability against her would have to be based on actions she personally took that amounted to deliberate indifference to a serious medical condition. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). For written notice to prison administrators to form a basis for deliberate indifference, a plaintiff "must demonstrate that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to an excessive risk to inmate health or safety."

*Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quotation omitted). Moreover, an official's basic mishandling or denial of a grievance or administrative complaint does not constitute deliberate indifference if the action does not cause or contribute to the violation. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Here, Brand alleges that Johnson/Klien got written notice of his medical needs, called him to the medical unit to discuss the issues, and then quickly silenced him and relegated him to segregation for complaining about medical care. Johnson/Klien acknowledged receipt of the written grievance by calling Brand to the medical unit, at which point the refusal to look into the care Brand was receiving could state a claim for deliberate indifference. Brand has provided sufficient factual information at this juncture for a deliberate indifference claim to proceed against Johnson/Klien.[2]

Moving on to Defendant Afuwape, Brand has alleged that Afuwape saw him on multiple occasions but declined to provide him with remedies for his asthma and COPD. He alleges that Afuwape verbally acknowledged his medical conditions and falsely noted on his medical chart that he was provided with medications and instructions on inhaler technique. The false provision of care could constitute deliberate indifference; accordingly, this claim will be allowed to proceed against Defendant Afuwape. Likewise, Brand made nearly identical allegations about Defendant Townsend. Thus, the claim also will proceed against Townsend.

As to Defendant Faulk, Brand alleges that in December, when he visited the health care unit for labored breathing, Defendant Faulk checked his vitals and told him he had a cold. Based

---

[2] It should be noted that to the extent this claim proceeds, it may only proceed against this defendant in her individual capacity because the Eleventh Amendment bars monetary recovery.

on this diagnosis, Faulk apparently denied Brand a breathing treatment and sent him away with no improvement in his symptoms. Although refusing to treat a minor asthma attack or common cold does not constitute deliberate indifference, it is not possible to tell on the facts presented how severe the asthma attack was, or if Faulk also acted with deliberate indifference to more serious underlying conditions of asthma and COPD. *See Gutierrez,* 111 F.3d at 1369. In light of the ambiguity, Brand could be stating a claim for deliberate indifference based on Faulk's failure to address his asthma or COPD. This possibility warrants allowing this claim to continue against Defendant Faulk to more fully develop the factual record.

Brand also alleges that Defendant Behrends acted in deliberate indifference by forcing him to go through the sick call line twice—thus requiring him to pay a fee twice. Requiring an inmate to pay a routine fee does not state a claim for deliberate indifference. Brand does not allege that he was unable to pay or that assessment of the fee precluded him from getting the care he needed, so he has not stated any claim for harm against Defendant Behrends. Accordingly, Defendant Behrends will be dismissed from Count 1 without prejudice.

As to Defendant Warden Foster, Brand has failed to state a claim against him for deliberate indifference because he has not alleged that Foster knew of his medical condition and explicitly declined to take any action. A prison official is not liable for deliberate indifference by merely signing off on a grievance and relying on the determination of medical personnel that adequate care was being provided. *See George*, 507 F.3d at 609 ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.") Thus, Count 1 against Defendant Foster shall be dismissed without prejudice.

Brand names Defendants Baldwin (director of IDOC) and Rauner (governor) in the caption and list of defendants, but he does not specifically mention them in his statement of the

claim. Given that both of these defendants act in a supervisory role over IDOC, and given the lack of specific allegations indicating that they personally failed to take action, they will be dismissed without prejudice. *See Sanville*, 266 F.3d at 740; *George*, 507 F.3d at 609.

The final defendant, counselor Harter, also will be dismissed without prejudice because Brand did not identify a way in which Harter's actions prevented him from actually getting adequate medical care. He alleges that Harter did not always provide copies of his grievances as required by the prison handbook, but he does not indicate how this failure caused him any problems in his medical situation. *See Owens,* 635 F.3d at 653; *George,* 507 F.3d at 609. If anything, Brand appears to argue that it was difficult to file a legal action based on Harter's deficiencies, but that does not constitute deliberate indifference to a serious medical condition.

In sum, Brand has provided sufficient factual allegations for Count 1 to proceed against Defendants Wexford, Johnson/Klien, Afuwape, Townsend, and Faulk. Defendant Owikod will be dismissed without prejudice because he allegedly works at Stateville—a Northern District of Illinois facility. Count 1 will be dismissed without prejudice as to Defendants Behrends, Foster, Baldwin, Rauner, and Harter because Brand has not identified personal actions of these defendants that caused him harm or constituted deliberate indifference.

## Count 2

Brand also potentially alleges deliberate indifference to a serious medical need based upon his claim that he suffers from neuropathy or pain in his hands and feet. Brand does not indicate that he discussed neuropathy during his initial intake at Stateville or his initial meeting with Defendants Afuwape and Townsend. He first alleges that he sought care for hand and foot pain from the medical clinic at a time when Defendant Behrends required him to go through the sick call line twice to address his respiratory and neuropathy conditions separately. As discussed

above, the requirement that he go through the line twice does not state a deliberate indifference claim against Behrends because it does not suggest that she precluded him from getting treatment. Aside from the direct mention of neuropathy to Behrends, Brand vaguely alleges that he went back to sick call two times in November 2015 seeking care for "pain," though he does not specify if it was respiratory pain or hand and foot pain. Brand also does not indicate which doctor he saw on those occasions. Though Brand does indicate that he told Dr. Caldwell about his neuropathy, he did not name Dr. Caldwell as a defendant, and he did not claim Dr. Caldwell refused to address his problems. Given the vagueness of the neuropathy allegations, Brand has not provided enough information for this claim to proceed against any identified defendant. Chronic pain, left untreated, could feasibly state a claim for deliberate indifference, but Section 1983 claims are rooted in personal liability, and Brand has not identified any one person responsible for ongoing pain. *See Pepper,* 430 F.3d at 810. Thus, Count 2 for deliberate indifference to Brand's neuropathy is dismissed without prejudice.

## Count 3

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* A complaint that provides a short, clear statement of the relevant facts complies with the federal rules of civil procedure, and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim. *Id.*

At issue here is whether Brand experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in a defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). This is a question that cannot be resolved at the pleading stage of this case. Brand alleged that he filed medical grievances, that Defendant Johnson/Klien called him to the medical unit to discuss the issues, and that Johnson/Klien sent him to segregation for filing medical grievances. On this evidence, it is possible that Brand has identified a valid claim for retaliation, thus, the Court is unable to dismiss the retaliation claim at this time. But this claim will only proceed as to Johnson/Klien—the only named defendant associated with retaliatory action. *See e.g. Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003) (section 1983 liability may only be based on a finding that the defendant caused the deprivation at issue either by direct or indirect participation or by demonstrable acquiescence).

## Count 4

The complaint refers to the Fourteenth Amendment indirectly by alleging that Defendants failed to adequately respond to the Brand's medical grievances. To the extent that Count 4 arises from Defendants' failure to respond to Brand's grievances, it is subject to dismissal. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause *per se*. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens*, 635 F.3d at 953. The defendants who allegedly fielded grievances in some fashion—Johnson/Klien, Foster, and Harter—are not alleged to have actually provided poor care themselves. Thus, they did not cause or participate in the underlying issue. Additionally, Brand does not claim that they flat out failed to respond to his grievances, he just contends that they did not respond in the way

he wanted them to respond. Dissatisfaction with grievances does not give rise to Fourteenth Amendment liability. Accordingly, Count 4 is dismissed as to all defendants.

## Pending Motions

Brand has filed a Motion for Appointment of Counsel (Docs. 3, 7), which shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

Brand's Motion for Copies (Doc. 13) is **DENIED** because he has not yet paid the requisite fee for those documents.

## Disposition

**IT IS ORDERED THAT COUNT 1** shall be **DISMISSED without prejudice** as to **DEFENDANTS WEXFORD CARE SERVICES, OWIKOD, BEHRENDS, FOSTER, BALDWIN, RAUNER,** and **HARTER. COUNT 2** shall be **DISMISSED without prejudice** as to **ALL DEFENDANTS** because Plaintiff failed to associate any individual defendants' conduct with said harm. **COUNT 3** shall be **DISMISSED without prejudice** as to **DEFENDANTS WEXFORD MEDICAL SERVICES, OWIKOD, AFUWAPE, TOWNSEND, FAULK, BEHRENDS, FOSTER, BALDWIN, RAUNER,** and **HARTER** because these individuals either were not named in association with this claim, or were not associated with specific actions. **COUNT 4** shall be **DISMISSED with prejudice** as to **ALL DEFENDANTS** because it fails to state a claim upon which relief may be granted.

With respect to **COUNT 1**, the Clerk of Court shall prepare for **DEFENDANTS JOHNSON/KLIEN, AFUWAPE, TOWNSEND, and FAULK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk shall prepare the same with respect to **COUNT 3** for Defendant **JOHNSON/KLIEN**. The Clerk is **DIRECTED** to mail these forms, a copy of the First

Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3). Further, this entire matter shall be

**REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, as set forth in footnote one above, the Clerk is **DIRECTED** to modify the names of Defendants "Blaldwin" and "Bauner" on the docket to Baldwin and Rauner.

**IT IS SO ORDERED.**

**DATED:  August 8, 2016**

*Nancy J. Rosenstengel*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**