IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLSEN BRAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-00161-NJR-DGW |
| | ) |
| MARY KLEIN, DR. EMMANUEL AFUWAPE, SETH TOWNSEND, and JACY FULK, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 43), which recommends granting the Motion for Summary Judgment on the issue of exhaustion filed by Defendants Mary Klein, Seth Townsend, and Jacy Fulk (Doc. 38).

On February 12, 2016, Plaintiff Olsen Brand initiated this lawsuit pursuant to 28 U.S.C. § 1983, alleging Defendants violated his constitutional rights while he was incarcerated at Vandalia Correctional Center. After a screening of the amended complaint (Doc. 12) pursuant to 28 U.S.C. § 1915A, Brand was permitted to proceed on two counts. Specifically, Brand alleges Defendants Klein, Afuwape, Townsend, and Fulk were deliberately indifferent to his medical needs by failing to adequately treat his asthma and chronic obstructive pulmonary disease (Count One) and that Defendant Klein placed him in segregation in retaliation for filing medical grievances, in violation of the First Amendment (Count Three).

On February 3, 2017, Defendants Klein, Townsend, and Fulk filed a motion for summary judgment (Doc. 38) arguing Brand failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. §1997e, *et seq.*, prior to filing this suit. Defendants argue that the only grievance in the record related to medical care Brand received at Vandalia during the relevant timeframe was rejected by the Administrative Review Board ("ARB") because it did not include the necessary institutional responses. Defendants note that by Brand's own admission, by the time he filed his amended complaint, he was still "waiting on a response from grievance officer, administrative review board . . . ." (Doc. 12, p. 4). Accordingly, Defendants argue, Brand did not exhaust his administrative remedies, and Defendants must be dismissed.

Brand did not file a response to Defendants' Motion for Summary Judgment despite being warned of the consequences for failing to do so and *sua sponte* being given additional time to respond (Docs. 40, 41). The Report and Recommendation was entered on July 10, 2017. No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs and exhibits submitted by Defendants, as well as Magistrate Judge Wilkerson's Report and Recommendation. Magistrate Judge Wilkerson thoroughly discussed his conclusion that Brand failed to exhaust his administrative remedies as to Defendants Klein, Townsend, and Fulk prior to filing this lawsuit. There is evidence that Brand initially submitted the relevant grievance as an emergency grievance to the warden. When the warden rejected the emergency nature of the grievance, however, Brand chose to submit the grievance to his counselor using the normal grievance procedure (rather than immediately appealing to the ARB). Once Brand decided to follow the normal channels of exhaustion, he had to obtain the required institutional responses before appealing to the ARB. His failure to do so means he has not exhausted his administrative remedies.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 43) and **GRANTS** the Motion for Summary Judgment on the issue of exhaustion filed by Defendants Mary Klein, Seth Townsend, and Jacy Fulk (Doc. 38). Defendants Klein, Townsend, and Fulk are **DISMISSED without prejudice**. Brand shall now proceed in this action solely on Count One, a claim of deliberate indifference against Defendant Afuwape.

**IT IS SO ORDERED.**

DATED:   August 28, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**