IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLSEN BRAND, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:16-CV-161-NJR-DGW ) |
| DR. EMMANUEL AFUWAPE, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 55) regarding the Motion for Summary Judgment filed by Defendant Dr. Emmanuel Afuwape (Doc. 50). The Report and Recommendation, entered on July 24, 2018, recommends the Court grant Defendant's motion. No objections to the Report and Recommendation were filed.

Plaintiff Olsen Brand is a former inmate of the Illinois Department of Corrections. While housed at Vandalia Correctional Center, Brand filed this *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983 against a number of defendants, all of whom have been dismissed except for Dr. Afuwape. In his Amended Complaint, Brand alleges Dr. Afuwape was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment (Doc. 12). Specifically, Brand alleges Dr. Afuwape saw him on multiple occasions but refused to provide him with medication for his asthma and COPD.

Dr. Afuwape filed a motion for summary judgment on January 17, 2018, arguing that the undisputed evidence demonstrates he was not deliberately indifferent to Brand's serious medical needs (Doc. 50). Brand did not file a response in opposition to summary judgment,

so Magistrate Judge Wilkerson found Dr. Afuwape's facts to be undisputed for purposes of the motion. *See* SDIL-LR 7.1(g). After considering the undisputed facts, Magistrate Judge Wilkerson concluded that Dr. Afuwape should be entitled to summary judgment because no reasonable jury could find that his failure to prescribe Brand an inhaler was a significant departure from accepted professional standards. When Dr. Afuwape first saw Brand, he had not suffered an asthma attack in a long time, he was not on any asthma medication at that point, and he was not having difficulty breathing. And when Brand did suffer an asthma attack two months later, Dr. Afuwape responded by immediately ordering a breathing treatment and a rescue inhaler, followed by a steroid inhaler two days later. Thus, Dr. Afuwape was not deliberately indifferent to Brand's medical needs.

The Report and Recommendation was entered on July 24, 2018, and the parties were informed that any objections were to be filed within 14 days after service. Because no party has filed an objection, the undersigned need not undertake *de novo* review. 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

After carefully reviewing the Report and Recommendation for clear error, the Court agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 55) and **GRANTS** the Motion for Summary Judgment filed by Defendant Dr. Emmanuel Afuwape (Doc. 50).

This action is **DISMISSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** August 14, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**