IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLSEN BRAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-161-NJR-DGW |
| | ) |
| DR. EMMANUEL AFUWAPE, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Motion for Reconsideration filed by Plaintiff Olsen Brand (Doc. 60). Brand asks the Court to reconsider its order adopting now-retired Magistrate Judge Donald G. Wilkerson's Report and Recommendation and granting summary judgment in favor of Defendant Dr. Emmanuel Afuwape (Doc. 57). For the reasons set forth below, the motion is denied.

## BACKGROUND

Brand is a former inmate of the Illinois Department of Corrections. While incarcerated, Brand filed a *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983 against a number of defendants, all of whom were dismissed from the suit except Dr. Afuwape. In his Amended Complaint, Brand alleged Dr. Afuwape was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment (Doc. 12). Specifically, Brand alleged Dr. Afuwape saw him on multiple occasions but refused to provide him with medication for his asthma and COPD (*Id.*).

Dr. Afuwape filed a motion for summary judgment on January 17, 2018, arguing

that the undisputed evidence demonstrates he was not deliberately indifferent to Brand's serious medical needs (Doc. 50). Brand did not file a response in opposition to summary judgment, so Judge Wilkerson found Dr. Afuwape's facts to be undisputed for purposes of the motion. *See* SDIL-LR 7.1(g).

After considering the undisputed facts, Judge Wilkerson concluded that Dr. Afuwape should be entitled to summary judgment because no reasonable jury could find that his failure to prescribe Brand an inhaler was a significant departure from accepted professional standards (Doc. 55). When Dr. Afuwape first saw Brand, he had not suffered an asthma attack in a long time, he was not on any asthma medication at that point, and he was not having difficulty breathing (*Id.*). And when Brand did suffer an asthma attack two months later, Dr. Afuwape responded by immediately ordering a breathing treatment and a rescue inhaler, followed by a steroid inhaler two days later (*Id.*). Thus, Judge Wilkerson found, Dr. Afuwape was not deliberately indifferent to Brand's serious medical needs (*Id.*).

Judge Wilkerson entered a Report and Recommendation on July 24, 2018, and the parties were informed that any objections were due within 14 days after service (*Id.*). Because no party objected to the Report and Recommendation, the undersigned reviewed Judge Wilkerson's findings for clear error. After undertaking clear error review, the undersigned agreed with Judge Wilkerson's analysis and granted summary judgment for Dr. Afuwape on August 14, 2018 (Doc. 57).

Two days later, Brand filed "Exhibits" (Doc. 59), followed the next day by the instant Motion for Reconsideration (Doc. 60). Dr. Afuwape filed a response in opposition on August 31, 2018 (Doc. 62).

## DISCUSSION

Brand does not cite a specific statute or rule under which he brings his "motion to reconsider," and the Federal Rules of Civil Procedure do not specifically provide for such motions. Nevertheless, courts in the Seventh Circuit generally review these motions under Rule 59(e) or Rule 60(b). Whether to characterize a motion as arising under Rule 59(e) or 60(b) depends on the nature of the motion. "[I]t is the substance, rather than the form, of a post-judgment motion that determines the rule under which it should be analyzed." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008).

Rule 59(e) gives a court discretion to amend a judgment if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence. *See Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 814 (7th Cir. 2012). "This rule enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Id.* at 813 (citation omitted). A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e).

Rule 60(b) permits a court to vacate a judgment, order, or proceeding if brought within a "reasonable time" after the entry of judgment — and within a year for mistake, newly discovered evidence, or fraud. FED. R. CIV. P. 60(c)(1); FED. R. CIV. P. 60(b)(1), (2), (3). Rule 60(b) also contains a catch-all provision granting the court discretion to fashion a remedy for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

Here, Brand's motion does not meet the requirements for relief under either Rule 59(e) or 60(b). He has not demonstrated that the Court committed a manifest error of law, that there is newly discovered evidence, or that any other mistake was made that warrants reconsideration. In fact, Brand's motion is devoid of any argument whatsoever.

Instead, Brand makes factual allegations regarding his medical history that are unsupported by any citation to the record. Specifically, Brand alleges that he saw Dr. Afuwape on October 28, 2015, two weeks after arriving at Vandalia; that Dr. Afuwape took his vitals and made an entry into his records about his asthma and COPD; and that Brand never received any medication. Brand also asserts Dr. Afuwape told him to "shut up, we are not here to talk." Then, on December 28, 2015, Dr. Afuwape saw Brand again and gave him a COPD pump. Brand's exhibits are similarly unhelpful, as they consist of medical records from doctors and pharmacies Brand visited *after* he was released from prison on or about April 29, 2016 (see Docs. 14, 59, 59-1).

Finally, even if the motion and exhibits contained relevant information that would entitle him to relief, Brand does not explain why he failed to timely respond to the motion for summary judgment or object to Judge Wilkerson's Report and Recommendation.

In sum, Brand has not provided the Court with any evidence demonstrating that the Court erred in granting summary judgment to Dr. Afuwape and that relief from the judgment is appropriate. Accordingly, Plaintiff Olsen Brand's Motion for Reconsideration (Doc. 60) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** March 18, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**